| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| William E. Windham<br>Law Offices of William E. Windham<br>308 N. Riverside Ave., #2E<br>Rialto, A 92376<br>951-784-5133<br>CSB# 122214<br><br>☐ *Individual appearing without attorney*<br>☒ *Attorney for:* Movant | |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA - SAN FERNANDO VALLEY DIVISION**

| In re:<br>Wesley McDowell | CASE NO.: 1:17-12119 MB<br>CHAPTER: 13 AMENDED |
|---|---|
| | **NOTICE OF MOTION AND MOTION FOR RELIEF FROM THE AUTOMATIC STAY OR FOR ORDER CONFIRMING THAT THE AUTOMATIC STAY DOES NOT APPLY UNDER 11 U.S.C. § 362(l)**<br>**(with supporting declarations)**<br>**(UNLAWFUL DETAINER)** |
| Debtor(s). | DATE: 08/30/2017<br>TIME: 10:00 am<br>COURTROOM: 303 |
| **Movant:** M&M Construction Enterprises, Inc. | |

1. **Hearing Location:**

   ☐ 255 East Temple Street, Los Angeles, CA 90012      ☐ 411 West Fourth Street, Santa Ana, CA 92701
   ☒ 21041 Burbank Boulevard, Woodland Hills, CA 91367  ☐ 1415 State Street, Santa Barbara, CA 93101
   ☐ 3420 Twelfth Street, Riverside, CA 92501

2. Notice is given to the Debtor and trustee *(if any)*(Responding Parties), their attorneys *(if any)*, and other interested parties that on the date and time and in the courtroom stated above, Movant will request that this court enter an order granting relief from the automatic stay as to Debtor and Debtor's bankruptcy estate on the grounds set forth in the attached Motion.

3. To file a response to the motion, you may obtain an approved court form at www.cacb.uscourts.gov/forms for use in preparing your response (optional LBR form F 4001-1.RFS.RESPONSE), or you may prepare your response using the format required by LBR 9004-1 and the Court Manual.

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

June 2014                                                 Page 1                                          F 4001-1.RFS.UD.MOTION

4. When serving a response to the motion, serve a copy of it upon the Movant's attorney (or upon Movant, if the motion was filed by an unrepresented individual) at the address set forth above.

5. If you fail to timely file and serve a written response to the motion, or fail to appear at the hearing, the court may deem such failure as consent to granting of the motion.

6. ☐ This motion is being heard on REGULAR NOTICE pursuant to LBR 9013-1(d). If you wish to oppose this motion, you must file and serve a written response to this motion no later than 14 days before the hearing and appear at the hearing.

7. ☒ This motion is being heard on SHORTENED NOTICE pursuant to LBR 9075-1(b). If you wish to oppose this motion, you must file and serve a response no later than (date) 08/30/2017 and (time) 10:00 am ; and, you may appear at the hearing.

   a. ☒ An application for order setting hearing on shortened notice was not required (according to the calendaring procedures of the assigned judge).

   b. ☐ An application for order setting hearing on shortened notice was filed and was granted by the court and such motion and order have been or are being served upon the Debtor and upon the trustee (if any).

   c. ☐ An application for order setting hearing on shortened notice was filed and remains pending. After the court rules on that application, you will be served with another notice or an order that specifies the date, time and place of the hearing on the attached motion and the deadline for filing and serving a written opposition to the motion.

Date: 08/15/2017

Law Offices of William E. Windham
Printed name of law firm (if applicable)

William E. Windham
Printed name of individual Movant or attorney for Movant

*/s/ William E. Windham*
Signature of individual Movant or attorney for Movant

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

June 2014    Page 2    F 4001-1.RFS.UD.MOTION

# MOTION FOR RELIEF FROM THE AUTOMATIC STAY OR FOR ORDER CONFIRMING THAT THE AUTOMATIC STAY DOES NOT APPLY
### (Unlawful Detainer)

1. **Movant is the:**

   a. ☒ Owner of the Property
   b. ☐ Authorized Agent of the owner of the Property
   c. ☐ Other (*specify*):

2. **The Property at Issue (Property):**

   Type of Property: ☒ Residential ☐ Nonresidential

   *Street Address*: 947 Haley Talbert Dr.
   *Unit/Suite Number*:
   *City, State, Zip Code*: Corona, CA 92881

3. **Bankruptcy Case History:**

   a. ☒ A voluntary ☐ An involuntary   petition under chapter   ☒ 7 ☐ 11 ☐ 12 ☐ 13
      was filed on (*date*): 08/10/2017

   b. ☐ An order to convert this case to chapter ☐ 7 ☐ 11 ☐ 12 ☐ 13
      was entered on (*date*):

   c. ☐ A plan was confirmed on (*date*):

4. **Pursuant to 11.U.S.C. § 362(b)(22) and (23) there is no stay because** (*check all that apply*):

   a. ☒ Movant commenced an eviction, unlawful detainer action or similar proceeding against the Debtor involving residential property in which the Debtor resides and:

      (1) ☒ The Debtor has not filed and served on Movant the certification required under 11 U.S.C. § 362(l)(1).

      (2) ☐ The Debtor or adult dependent of the Debtor has not deposited with the clerk any rent that would become due during the 30-day period after the filing of the petition.

      (3) ☐ The Debtor or adult dependent of the Debtor has not filed and served on Movant the further certification required under 11 U.S.C. § 362(l)(2) that the entire monetary default that gave rise to the judgment has been cured.

      (4) ☐ Movant filed and served an objection to the Debtor's certification. A copy of the objection is attached as Exhibit _____. A hearing on this objection is set for (*date*) _____.

5. **Grounds for Relief from Stay:** (*check all that apply*)

   a. ☒ Pursuant to 11 U.S.C. § 362(d)(1), cause exists because, as of the bankruptcy petition date, the Debtor had no right to continued occupancy of the premises, as follows:

      (1) ☒ Movant caused a notice to quit to be served on the Debtor.

      (2) ☒ An unlawful detainer proceeding was commenced on (*date*) 07/06/2017.

      (3) ☐ An unlawful detainer judgment was entered on (*date*) _____.

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

June 2014                                    Page 3                          F 4001-1.RFS.UD.MOTION

    (4) ☒ Movant acquired title to the Property by foreclosure sale before the bankruptcy petition was filed and recorded the deed within the period provided by state law for perfection.

    (5) ☐ Movant acquired title to the Property by foreclosure sale after the bankruptcy petition was filed and recorded the deed within the period provided by state law for perfection.

b. ☒ Pursuant to 11 U.S.C. § 362(d)(1) the Debtor's right to possession should be terminated because *(check all that apply)*:

    (1) ☒ The lease or other right of occupancy expired by its terms on *(date)* 06/20/2017 .

    (2) ☐ The lease has matured, been rejected or deemed rejected by operation of law on *(date)* _____ .

    (3) ☐ Lease payments have not been made after the filing of the bankruptcy petition.

    (4) ☐ An unlawful detainer action was filed to obtain possession of the Property on grounds of endangerment of the Property or because of illegal use of controlled substances on the Property and Movant filed and served upon the Debtor a certification that ☐ such an action was filed or ☐ that within the 30 days preceding the certification, the Debtor has endangered the subject Property or illegally allowed the use of controlled substances on the Property. A copy of Movant's certification is attached as Exhibit _____. The Debtor ☐ has ☐ has not filed an objection to Movant's certification. A copy of the Debtor's objection, if any, is attached as Exhibit _____. A hearing on this objection is set for *(date)* _____ .

    (5) ☐ The bankruptcy case was filed in bad faith:

        (A) ☐ Movant is the only creditor or one of few creditors listed in the Debtor's case commencement documents.

        (B) ☐ Other bankruptcy cases have been filed in which an interest in the Property was asserted.

        (C) ☐ The Debtor filed only a few case commencement documents. No schedules or statement of financial affairs (or chapter 13 plan, if appropriate) has been filed.

        (D) ☐ There was a recent transfer of all or part ownership of, or other interest in the Property without the consent of the Movant or court approval.

c. ☒ Pursuant to 11 U.S.C. § 362(d)(2)(A), the Debtor has no equity in the Property; and pursuant to 11 U.S.C. § 362(d)(2)(B), the Property is not necessary to an effective reorganization.

6. **Grounds for Annulment of the Stay.** Movant took postpetition actions against the Property or the Debtor:

    a. ☐ These actions were taken before Movant knew the bankruptcy petition was filed, and Movant would have been entitled to relief from stay to proceed with these actions.

    b. ☐ Movant knew the bankruptcy case had been filed, but Movant previously obtained relief from stay to proceed with these enforcement actions in prior bankruptcy cases affecting the Property as set forth in Exhibit _____.

    c. ☐ Other:

---

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

June 2014                                          Page 4                                        F 4001-1.RFS.UD.MOTION

7. **Evidence in Support of Motion:** *(Important Note: Declaration(s) in support of the Motion MUST be signed under penalty of perjury and attached to this motion.)*

   a. The UNLAWFUL DETAINER DECLARATION on page 7.

   b. ☐ Supplemental declaration(s).

   c. ☐ Other *(specify)*:

**Movant requests the following relief.**

1. Relief from stay pursuant to: ☒ 11 U.S.C. § 362(d)(1) ☐ 11 U.S.C. § 362(d)(2)

2. ☒ Movant (and any successors or assigns) may proceed under applicable nonbankruptcy law to enforce its remedies to obtain possession of the Property.

3. ☒ Confirmation that there is no stay in effect.

4. ☐ The stay is annulled retroactive to the bankruptcy petition date. Any postpetition acts taken by Movant to enforce its remedies regarding the Property shall not constitute a violation of the stay.

5. ☐ The co-debtor stay of 11 U.S.C. § 1201(a) or § 1301(a) is terminated, modified or annulled as to the co-debtor, on the same terms and conditions as to the Debtor.

6. ☒ The 14-day stay prescribed by FRBP 4001(a)(3) is waived.

7. ☐ A designated law enforcement officer may evict the Debtor and any other occupant from the Property regardless of any future bankruptcy filing concerning the Property for a period of 180 days from the hearing of this motion:
   ☐ without further notice.
   ☐ upon recording of a copy of the order or giving appropriate notice of its entry in compliance with applicable nonbankruptcy law.

8. ☐ Relief from stay is granted under 11 U.S.C. § 362(d)(4), if the order granting this motion is recorded in compliance with state laws governing notices of interest or liens in real property, the order is binding in any other case under this title purporting to affect the Property filed not later than two years after the date of entry of such order, except that a debtor in a subsequent case under this title may move for relief from the order based upon changed circumstances or for good cause shown, after notice and a hearing.

9. ☐ The order is binding and effective in any bankruptcy case commenced by or against any debtor who claims any interest in the Property for a period of 180 days from the hearing of this Motion:
   ☐ without further notice.
   ☐ upon recording of a copy of this order or giving appropriate notice of its entry in compliance with applicable nonbankruptcy law.

10. ☐ The order is binding in any other bankruptcy case purporting to affect the Property filed not later than 2 years after the date of entry of such order, except that a debtor in a subsequent case may move for relief from the order based upon changed circumstances or for good cause shown, after notice and hearing.

11. ☐ The order is binding and effective in any bankruptcy case commenced by or against the Debtor for a period of 180 days, so that no further automatic stay shall arise in that case as to the Property.

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

June 2014    Page 5    F 4001-1.RFS.UD.MOTION

12. ☐ If relief from stay is not granted with respect to the Property because the Property is the subject of a lease that may be assumable;

   a. ☐ Establishment of a deadline for assumption or rejection of the lease.
   b. ☐ Adequate protection in the form of regular payments at the lease rate from petition date until assumption or rejection of the lease.

13. ☐ Other relief requested.

Date: 08/10/2017

Law Offices o fWilliam E. Windham
Print name of law firm (*if applicable*)

William E. Windham
Print name of individual Movant or attorney for Movant (*if applicable*)

*/s/ William E. Windham*
Signature of individual Movant or attorney for Movant

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

June 2014                    Page 6                    F 4001-1.RFS.UD.MOTION

# UNLAWFUL DETAINER DECLARATION

I, (name of declarant) Fred Martinez _____, declare as follows:

1. I have personal knowledge of the matters set forth in this declaration and, if called upon to testify, I could and would competently testify thereto. I am over 18 years of age. I have knowledge regarding Movant's interest in the Property because (specify):

    a. ☐ I am the Movant and owner of the Property.

    b. ☐ I manage the Property as the authorized agent for the Movant.

    c. ☒ I am employed by Movant as (title and capacity):
       Secretary of Movant

    d. ☐ Other (specify):

2. a. ☒ I am one of the custodians of the books, records and files of Movant as to those books, records and files that pertain to the rental of this Property. I have personally worked on books, records and files, and as to the following facts, I know them to be true of my own knowledge or I have gained knowledge of them from the business records of Movant on behalf of Movant, which were made at or about the time of the events recorded, and which are maintained in the ordinary course of Movant's business at or near the time of the acts, conditions or events to which they relate. Any such document was prepared in the ordinary course of business of Movant by a person who had personal knowledge of the event being recorded and had or has a business duty to record accurately such event. The business records are available for inspection and copies can be submitted to the court if required.

   b. ☐ Other (see attached):

3. The Property is:

   ☒ Residential    ☐ Nonresidential

   Street Address: 947 Haley Talbert Dr.
   Unit/Suite Number:
   City, State, Zip Code: Corona, CA 92881

4. Movant is the ☒ legal owner of the Property, or ☐ the owner's legally authorized agent. A true and correct copy of the trustee's deed upon sale, lease, rental agreement, or other document evidencing Movant's interest in the Property is attached as Exhibit 1___. A true and correct copy of the applicable document establishing Movant's authority as agent for the owner is attached as Exhibit _____.

5. The Debtor asserts a possessory interest in the Property based upon:

   (1) ☐ a month-to-month tenancy

   (2) ☐ a lease that is in default

   (3) ☒ after a foreclosure sale that was held on (date): _____.

   (4) ☐ other (specify):

6. The Debtor failed to pay:

    a. ☐ The monthly rent of $_____ beginning on (date): _____.

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

June 2014                                     Page 7                              F 4001-1.RFS.UD.MOTION

    b. ☐ Other obligations including:

        (1) ☐ Common area maintenance charges

        (2) ☐ Property taxes

        (3) ☐ Other obligations (*specify*):

7. Procedural status

    a. ☒ The lease matured or was rejected on (*date*) 06/20/2017 :

        (1) ☒ by operation of law.

        (2) ☐ by order of the court.

    b. ☒ Movant caused a notice to quit to be served upon the Debtor on (*date*) 06/24/2017 , and a true and correct copy is attached as Exhibit 2 .

    c. ☒ Before the bankruptcy petition was filed:

        (1) ☒ Movant filed a complaint for unlawful detainer against the Debtor on (*date*) 07/06/2017 , and a true and correct copy is attached as Exhibit 3 .

        (2) ☐ Trial was held on (*date*) _____ .

        (3) ☒ Trial was continued to (*date*) 08/31/2017 .

        (4) ☐ An unlawful detainer judgment against the Debtor was entered on the complaint for unlawful detainer on (*date*) _____ , and a true and correct copy is attached as Exhibit _____ .

        (5) ☐ A writ of possession for the Property was issued on (*date*) _____ , and a true and correct copy is attached as Exhibit _____ .

    d. After the bankruptcy petition was filed:

        (1) ☒ The Debtor has not filed and served on the Movant the certification required under 11 U.S.C. § 362(l)(1).

        (2) ☐ The Debtor or adult dependent of the Debtor has not deposited with the clerk any rent that would become due during the 30-day period after the filing of the bankruptcy petition.

        (3) ☐ The Debtor or adult dependent of the Debtor has not filed and served on the Movant the further certification required under 11 U.S.C. § 362(l)(2) that the entire monetary default that gave rise to the judgment has been cured.

        (4) ☐ The Debtor filed and served on the Movant the certification required under 11 U.S.C. § 362(d)(1).

            (A) ☐ Movant filed and served an objection a copy of which is attached as Exhibit _____ . A hearing on this objection is set for (*date*) _____ .

            (B) ☐ Movant has not filed and served an objection.

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

June 2014      Page 8      F 4001-1.RFS.UD.MOTION

(5) ☐ An unlawful detainer action was filed to obtain possession of the Property on grounds of endangerment of the Property or because of illegal use of controlled substances on the Property and Movant has filed a certification that ☐ such action was filed or ☐ that the Debtor has endangered the Property within 30 days preceding the certification or allowed the illegal use of controlled substances on the Property. A copy of Movant's certification is attached hereto as Exhibit _____. The Debtor ☐ has ☐ has not filed an objection to Movant's certification. A copy of the Debtor's objection, if filed, is attached as Exhibit ___. A hearing on this objection is set for: _____.

(6) ☒ Regular lease payments have not been made after the bankruptcy petition was filed.

8. ☒ The Debtor does not have an interest in the Property that could be assumed or assigned under 11 U.S.C. § 365.

9. ☒ The Property is not necessary to an effective reorganization because it is:

   a. ☒ Residential, and is not producing income for the Debtor.

   b. ☐ Commercial, but no reorganization is reasonably in prospect.

   c. ☐ No longer property of the estate.

   d. ☐ Other (specify):

10. ☐ The bankruptcy case was filed in bad faith:

    a. ☐ Movant is the only creditor or one of few creditors listed in the Debtor's case commencement documents.

    b. ☐ Other bankruptcy cases have been filed in which an interest in the Property was asserted.

    c. ☐ The Debtor filed only a few case commencement documents. Schedules and a statement of financial affairs (or chapter 13 plan, if appropriate) have not been filed.

    d. ☐ Other (specify):

11. ☐ The filing of the bankruptcy petition was part of a scheme to delay, hinder or defraud creditors that involved:

    a. ☐ The transfer of all or part ownership of, or other interest in, the Property without the consent of Movant or court approval. See attached continuation page of facts establishing the scheme.

    b. ☐ Multiple bankruptcy cases affecting the Property include:

       (1) Case name: _____
           Chapter: _____    Case number: _____
           Date filed: _____    Date discharged: _____    Date dismissed: _____
           Relief from stay regarding the Property ☐ was  ☐ was not  granted.

       (2) Case name: _____
           Chapter: _____    Case number: _____
           Date filed: _____    Date discharged: _____    Date dismissed: _____
           Relief from stay regarding the Property ☐ was  ☐ was not  granted.

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

June 2014    Page 9    F 4001-1.RFS.UD.MOTION

(3) Case name: _____
    Chapter: _____    Case number: _____
    Date filed: _____    Date discharged: _____    Date dismissed: _____
    Relief from stay regarding the Property ☐ was ☐ was not granted.

    ☐ See attached continuation page for information about other bankruptcy cases affecting the Property.

    ☐ See attached continuation page for additional facts establishing that the multiple bankruptcy cases were part of a scheme to delay, hinder, or defraud creditors.

12. ☐ Enforcement actions taken after the bankruptcy petition was filed are specified in the attached supplemental declaration(s).
   a. ☐ These actions were taken before Movant knew the bankruptcy petition was filed, and Movant would have been entitled to relief from stay to proceed with these actions.
   b. ☐ Movant knew the bankruptcy case had been filed, but Movant previously obtained relief from stay to proceed with these enforcement actions in prior bankruptcy cases affecting the Property as set forth in Exhibit _____.
   c. ☐ For other facts justifying annulment, see attached continuation page.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 08/10/2017 | Fred Martinez | *[signature]* |
|---|---|---|
| Date | Printed Name | Signature |

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

June 2014                                    Page 10                                    F 4001-1.RFS.UD.MOTION

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
308 N. Riverside Ave., #2E, Rialto, CA 92376

*AMENDED*

A true and correct copy of the foregoing document entitled: **NOTICE OF MOTION AND MOTION FOR RELIEF FROM THE AUTOMATIC STAY OR FOR ORDER CONFIRMING THAT THE AUTOMATIC STAY DOES NOT APPLY UNDER 11 U.S.C. § 362(l) (with supporting declarations) (UNLAWFUL DETAINER)** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On *(date)* _____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On *(date)* _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Wesley McDowell, 114 S. Dickens St., #3, Sherman Oaks, CA 91423
Ronald A. Norman, 5404 Whittsett Ave., #133, Valley Village, CA 91607

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL (state method for each person or entity served)**: Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on *(date)* _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 08/15/2017 | William E. Windham | *[signature]* |
|---|---|---|
| Date | Printed Name | Signature |

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

June 2014    Page 11    F 4001-1.RFS.UD.MOTION

TDUS
TS # 9551-0523
TSG Order # 120075042-CA-VOO

RECORDING REQUESTED BY: M&M CONSTRUCTION ENTS.

WHEN RECORDED, PLEASE MAIL A COPY TO:
M&M CONSTRUCTION ENTS.
1096 PETER CHRISTIAN CIR.
CORONA, CA 92881

Forward Tax Statements to the Address Given Above

**2017-0271271**
07/03/2017 09:19 AM Fee: $ 18.00
Page 1 of 2
Recorded in Official Records
County of Riverside
Peter Aldana
Assessor-County Clerk-Recorder

| | | | | | R | A | Exam: | |
|---|---|---|---|---|---|---|---|---|
| Page | DA | RCOR | Misc | Long | RFD | 1st Pg | Add'l Pg | Cert | CC |
| 2 | | | | | | 2 | 2 | 2 |
| SIZE | NCOR | SMF | NCHG | T: | 4 | | DTT$ 645.15 | |

35

TS #: 9551-0523                                TSG Order #: 120075042-CA-VOO

## TRUSTEE'S DEED UPON SALE

A.P.N.: 108-501-020-3                                Transfer Tax: $ 645.15

The Grantee Herein was not the Foreclosing Beneficiary.
The Amount of the Unpaid Debt was $662,501.44
The Amount Paid by the Grantee was $586,100.00
Said Property is in the City of CORONA, County of Riverside

NBS Default Services, LLC, as Trustee, (whereas sa designated in the Deed of Trust hereunder more particularly described or as duly appointed Trustee) does hereby GRANT and CONVEYS without covenant or warranty, express or implied, to: M&M CONSTRUCTION ENTS. (herein called Grantee) but without covenant or warranty, expressed or implied, to the property situated in the county of Riverside, State of California, described as follows:

LOT 7 OF TRACT 28936, IN THE CITY OF CORONA, COUNTY OF RIVERSIDE, AS PER MAP RECORDED IN BOOK 280, PAGE(S) 76 AND 77, OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.

This deed is made pursuant to the authority and powers, including the power of sale conferred upon Trustee (or to Successor Trustee) by the Deed of Trust dated 07/21/2006 made to REYNARD R. WALLACE, A MARRIED MAN, and recorded on 07/28/2006, in the office of the County Recorder of Riverside, California, as Document No.: 2006-0556876, Book No.: -, Page No.: -, Trustee (or Successor Trustee) having complied with all applicable statutory provisions and having performed all of his duties under the said Deed of Trust.

All requirements per law and of said Deed of Trust relating to this sale to notice thereof have been complied with Trustee or Successor Trustee, in compliance with said Notice of Trustee's sale and in exercise of its powers under

MAIL TAX STATEMENTS TO: THE ABOVE MENTIONED ADDRESS

TDUS                                                                      2146850521

Exhibit "1"

# NOTICE TO QUIT

(CCP SECTION 1161a(b)(3);CCP SECTION 1162)

To: Reynard Wallace _____ AND
ALL OTHERS IN POSSESSION OF THE PREMISES LOCATED AT:
947 Haley Talbert Dr Corona, Ca 92881
COUNTY OF: RIVERSIDE

NOTICE IS HEREBY GIVEN that:

(i) In the event you are the former owner or a successor owner of the property, within Three (3) Days after the service on you of this notice you are required to quit and deliver up possession of the premises to the undersigned, who is authorized to receive the same, or the undersigned will institute legal proceedings against you to recover possession of said premises and for rents and damages provided by law.

(ii) In the event that you are a tenant or subtenant of the property, but not the child, spouse, or parent of the former owner of the property, and you entered into a bona fide lease before the notice of foreclosure, within the later of Ninety (90) Days after service on you of this Notice, or expiration of the lease, you are required to quit and deliver up possession of the premises to the undersigned, who is authorized to receive the same, or the undersigned will institute legal proceedings against you to recover possession of said premises and for rents and damages provided by law.

(iii) In the event that you are a child, spouse, or parent of the former owner f the property who entered into a bona fide lease before the notice of foreclosure, or in the event you are a tenant or subtenant of the property who entered into a lease that is not bona fide or who entered into a bona fide lease after the notice of foreclosure, and not one of the owners or successor owners of the property, within Sixty (60) Days after service on you of this Notice, or expiration of the lease, you are required to quit and deliver up possession of the premises to the undersigned, who is authorized to receive the same, or the undersigned will institute legal proceedings against you to recover possession of said premises and for rents and damages provided by law.

You are required to quit and deliver up possession of said premises for the reason that it was duly sold to M&M Construction Enterprises, Inc
in accordance with Section 2924 of the Civil Code of the State of California on 6-20-17
under the power of sale contained in the Deed of trust encumbering the property. Title sale has been duly perfected.

This Notice to you is given pursuant to the provisions of Sections 1161a(b)(3) and 1161b of the Code of Civil Procedure of the State of California.

Any lease and/or proof of rental payments must be provided to the address below within three (3) days after service on you of this notice or it will be assumed that the former owner occupies the property.

Date: 6-22-17

Address: 6185 Magnolia Ave #352
Riverside, Ca 92506
Phone Number: 951.231.4994

J Carlos agent
Owner/Agent

Exhibit "2"

"9"

## PROOF OF SERVICE

CLIENT: **JC**

**JH INV #: 124-267N**

PLAINTIFF: M&M

PERSON(S) SERVED: **REYNARD WALLACE
AND ALL OTHERS IN POSSESSION**

ADDRESS:
**947 HALEY TALBERT DR
CORONA CA 92881, County of Riverside**

DOCUMENT(S) SERVED:
**NOTICE TO QUIT;NOTICE TO ANY RENTERS**

I, the undersigned, being at least 18 years of age, declare, under penalty of perjury, (under the laws of the State of California) that I served a copy of the above document(s) in the manner indicated below.

DATE: 6/24/17

TIME: 9:40 am

### CONSTRUCTIVE SERVICE - POST AND MAIL

I knocked on the door of the property located at the above address on 6/24/17 and no one responded to my attempt to personally serve notice. After due diligent efforts, by service of said notice (s) as authorized by C.C.P. Section 1162 (2,3) on each of the above named parties in the manner set forth below.

I do not know any other place of business/residence of any tenant(s) named.

### SERVICE OF MAIL

On the date specified above, I caused a copy of the document(s) to be mailed to each of the named via First Class, United States Mail, postage prepaid, in a sealed envelope to the address listed above from: CORONA, California.

---

DATE: 6/26/17    JHAS03

FEE: $45.00

S.LEDESMA Registration # 2593
FILE BY FAX

```
WILLIAM E. WINDHAM, ATTORNEY AT LAW
SBN:122214
308 N. RIVERSIDE AVE., #2E
RIALTO, CALIFORNIA  92376
951-788-8822
```

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF RIVERSIDE

JUL 06 2017

Attorney for Plaintiff,

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF RIVERSIDE

| | |
|---|---|
| M&M Construction Enterprises, Inc; | Case No.:RIC **1712285** |
| | LIMITED CIVIL CASE |
| Plaintiff, | COMPLAINT FOR UNLAWFUL DETAINER AND MONEY DAMAGES |
| vs. | Action Based Upon Code of Civil Procedure Section 1161a |
| Reynard Wallace; and DOES 1 through 10, | Amount Demanded Does Not Exceed $10,000 |
| Defendants. | |

Plaintiff, M&M Construction Enterprises, Inc (hereinafter "Plaintiff") hereby alleges as follows:

1. Plaintiff is a corporation authorized to operate in the State of California.

2. Plaintiff alleges a Cause of Action for Unlawful Detainer against Defendant(s) Reynard Wallace, which Cause of Action is based upon Code of Civil Procedure section 1161a.

3. The true names and capacities, whether individual, corporate, associate or otherwise of the Defendants named herein as DOES 1 through 10 in occupancy are unknown to Plaintiff, who

COMPLAINT FOR UNLAWFUL

DETAINER - 1

"3"

therefore sues said Defendants by such fictitious names. Plaintiff will amend this Complaint to show the true names and capacities of such DOE Defendants when they have been ascertained.

4. Defendant(s), and each of them, are currently in possession of and occupying the real property at issue.

5. Plaintiff, however, is the record title owner of the real property at issue, and is thereby entitled to possession of said real property and the dwelling unit(s) on said real property located at 947 Haley Talbert Dr Corona, Ca 92881 (hereafter "Subject Property").

6. Plaintiff is the owner of the Subject Property through its purchase of said Subject Property at a Trustee's Sale conducted on 6-20-17; and Plaintiff thereafter perfected its title to said Subject Property by recording a Trustee's Deed Upon Sale with the Riverside County Recorder's Office with Instrument Number 2017-0271271. (A true and accurate copy of the Trustee's Deed Upon Sale is attached hereto as Exhibit "1" and is incorporated herein by this reference.)

7. On June 24, 2017, Defendant(s) were then served with a 3 Day Notice For Possession After Foreclosure (hereinafter "Notice"). (A true and accurate copy of the Notice with its Proof of Service is attached hereto collectively as Exhibit "2" and is incorporated herein by this reference.)

8. The Defendant(s) failed to comply with the requirements of the Notice which expired on June 27, 2017.

1  9. The Defendant(s) continue in possession of the Subject
2  Property unlawfully after expiration of the Notice without
3  permission of the Plaintiff and under no right of claim.
4  10. The reasonable value for the use and occupancy of the
5  Subject Property is $75.00 per day. As such, Plaintiff seeks
6  damages in that amount from June 28, 2017, and for each day
7  thereafter, until the date of Judgment herein.
8  11. Plaintiff has not received any rents or other
9  compensation from the Defendant(s) in that there is no
10 landlord/tenant relationship between Plaintiff and Defendant(s).
11 WHEREFORE, Plaintiff prays for Judgment against
12 Defendant(s) as follows:
13 1. For restitution and possession of the Subject
14 Property;
15 2. For damages in the amount of $75.00 per day from June
16 13, 2017, until the date of entry of the Judgment herein;
17 3. For costs of suit herein; and
18 4. For such other relief as the Court deems just and
19 proper.
20 DATED: July 3, 2017                RESPECTFULLY SUBMITTED,
21                                    LAW OFFICES OF WILLIAM E.
                                      WINDHAM
22
23                                    By: William E. Windham,
24                                    Attorney for Plaintiff

COMPLAINT FOR UNLAWFUL

DETAINER - 3